No. 609.

STATE OF LOUISIANA VS. HARVEY COURTNEY, HENDERSON COURTNEY, FRANK GREEN, BEN ROBINSON, AND JOSEPH DOTTS.

It is not necessary to be a registered voter to be a qualified talesman.
There is no part of the act No. 94 of 1873 which declares that only registered voters are competent jurors. The judge *a quo* erred therefore when rejecting the juror on that ground.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. Criminal case. *William R. Hardy*, District Attorney *pro tem.*, for plaintiff and appellee. *John H. Dinkgrave* and *G. H. Ellis*, for defendants and appellants.

HOWELL, J. The defendants, who were found guilty of robbery and sentenced to imprisonment at hard labor in the Penitentiary, have appealed. They urge as error the ruling of the judge *a quo* rejecting a *tales* juror because he was not a registered voter.

Act No. 94 of 1873 says: " Section one—That the qualifications of a juror to serve in any of the district courts in this State shall be the following, and no other shall be required: To be a *bona fide* male resident of the parish in and for which the court is being held and the jury drawn, twenty-one years of age, not under interdiction by a decree of a competent court, or charged with any crime punishable at hard labor in the Penitentiary, or death, pending at the time the competency is to be determined; *provided, however*, that there shall be no distinction made on account of race, color, or previous condition; and, provided further, that nothing in this section shall be so construed as to deprive the judges of this State of the discretion to decide upon the competency of jurors in particular cases when, from any physical infirmity or from relationship within the fourth degree, to be computed according to the civil law, or from ignorance of the English language and inability to understand the

same when read or spoken, or other cause, the juror may be incompetent to sit upon the trial of any particular cause."

It is plain that being a registered voter is not here made a qualification. But it is contended on the part of the State that because in other sections of the act it is provided that, in parishes except the parish of Orleans and parishes where the books of registration are accessible to the officer of court required to draw juries, the clerk of the court shall procure a book, and with the sheriff and recorder enter therein, in alphabetical order, the names of the qualified jurors, it must be inferred that the Legislature intended that only registered voters could be qualified talesmen. This inference, we think, is not justified. There is no part of the act which declares that only registered voters are competent jurors, and, taking the first section as prescribing the qualifications of a juror, we can not say that a talesman must be a registered voter. The other sections referred to by counsel for the State prescribe the mode of making out the list from which jurors are to be selected and summoned. They do not fix the qualifications of jurors.

The judge *a quo* erred therefore in rejecting the juror mentioned in defendants' bill of exceptions, and the case must be remanded for another trial.

It is therefore ordered that the judgment and verdict of the lower court be set aside, and this case remanded for a new trial according to law.